Curia, per

Butler, J.
The question here made is, can one, of two or more joint defendants, set off a separate demand due to him from the plaintiff. The authorities are very clear that a single defendant cannot set off a demand due to himself from one of a number of joint plaintiffs. It has been expressly decided in this State that, where partners sue an individual, the demand of that individual against one of the partners cannot be set off. (Powrie vs. Fletcher, 2 Bay R. 146; Lovel vs. Whitridge, 1 M’Cord, 7.) This proceeds on the ground that the.plaintiffs, as partners, had no contract with the defendant. One of the plaintiffs having made the contract, he must keep it according to its merits; for, if the plaintiffs could be defeated by such a demand, they would have to make their co-partner their debtor for the debt and costs which they were compelled to pay for him.
The defence of set off did not exist at common law, but has been allowed by, and depends on, statutory provisions; and, as a general rule, it may be laid down, that it cannot avail where there is wanting a mutuality of contract or dealing between the parties to the record. Although the debt sought to *51 be recovered, and that intended to be set off, need not be of the same nature or degree, to entitle a party to avail himself of this defence, yet it is necessary that they should be mutual and due in the same right. In the case of Fletcher vs. Dyche, (2 Term R. 323—7,) Buffer, J. in noticing an exception by counsel, seems to take it for granted that, where plaintiffs sue on a joint demand, a defendant cannot set off a separate demand against one of them, because there was not a mutuality of contract. He says, “ the plaintiff’s counsel objected to the set off because there was no mutuality: — but that depends on the question, whether the debt is due from the plaintiff and another person, or from the plaintiff alone. If the former, the debt cannot be set off.”
The same principles are equally applicable to joint defendants. If one joint defendant could set off a demand due from a single plaintiff, he could defeat the plaintiff’s demand by a contract which the plaintiff had never made with the parties to the record. Success would enable the defendant, who pleaded the discount, to defeat one person by making others his creditors; for he would have a right to look to his co-defendants for remuneration for paying their debt if they had been jointly liable with him. But, taking another view, suppose that the defendant, setting pp the discount, makes an issue which results, by failure, in costs and expenses beyond those otherwise incident to the action. Who are to pay them t Not that defendant alone, but all are subjected to the costs of the suit.
Our discount law recognizes the defendant pleading a discount, as occupying the position of a plaintiff, and gives him the right to recover any excess which he may establish beyond the plaintiff’s demand. In this respect it is peculiar, and distinguishable from the English statute on the same subject. A., by pleading a discount, might enable B. and C. to recover a judgment against D., who mever had had dealings with them.
Wilson Martin, for the motion; Wardlaw Sf Perrin .contra.
The rule, analyzed and reduced to simplicity, is this;— to an action by two persons, the defendant cannot set off a debt due to him from one of them; nor can one of several joint defendants set off a debt due to him alone from the plaintiff.
According to these views, the circuit decision must be reversed, and the plaintiff be allowed to take a decree for the whole of his note.
The whole Court concurred.